UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FRANKLIN HAMMITT,<br><br>Plaintiff,<br><br>v.<br><br>EL DORADO COUNTY JAIL, *et al.*,<br><br>Defendants. | Case No.  2:24-cv-2863-JDP (P)<br><br>ORDER |

Plaintiff Thomas Hammitt, a county inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983, sues the El Dorado County Jail and Sheriff Jeff Leikauf. The complaint, as drafted, does not state a cognizable claim.  I will grant plaintiff the opportunity to amend his complaint.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

1

1    A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint alleges that on August 30, 2024, plaintiff broke his toe when he exited a transport van. ECF No. 1 at 3, 9. He claims that the van had a "makeshift seat and restrained in leg & arm chains." *Id.* at 3.

It is not clear from the complaint whether plaintiff was a convicted prisoner or pretrial detainee at the time of the alleged incident. If he was a pretrial detainee at the time, his claim arises under the Fourteenth Amendment's due process clause; if he was already convicted, his claim arises under the Eighth Amendment's cruel and unusual punishment clause. The Eighth Amendment prohibits excessive force in the form of "unnecessary and wanton infliction of pain" on a convicted prisoner. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The Fourteenth Amendment's protection for pretrial detainees is broader; prohibiting "excessive force that

2

amounts to punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396-97. Plaintiff's allegations, however, fail to state a claim under either standard.

As an initial manner, plaintiff's claims against Sheriff Leikauf are nonviable. There is no *respondeat superior* liability under section 1983, *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), and the complaint does not allege that the Sheriff was directly involved in or aware of plaintiff's situation.

As for plaintiff's claims against the Jail, the complaint fails to allege a *Monell* claim. To state such a claim, the complaint must allege that (1) plaintiff was deprived of a constitutional right, (2) the City and/or Department has a policy, custom, or practice which amounted to deliberate indifference to that constitutional right; and (3) the policy, custom, or practice was the moving force behind the constitutional violation. *See Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. Instead, a local government may be sued when an employee who committed a constitutional violation was "acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker." *Thomas v. Cnty. of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (citing *Monell*, 436 U.S. at 694). The complaint makes no allegations that the Jail has a policy, custom, or practice that was the moving force behind plaintiff's alleged constitutional violation.

Finally, "the Ninth Circuit has yet to find an Eighth Amendment deliberate indifference claim in the context of a prison guard's failure to secure an inmate's seatbelt during transport." *Thomas v. Rodriguez*, No. 3:16-cv-02211-AJB-JMA, 2017 WL 3896738, at *3 (S.D. Cal. Sept. 6, 2017).

I will allow plaintiff a chance to amend his complaint. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended

complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Plaintiff's complaint, ECF No. 1, is dismissed with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   December 19, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE