UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS FRANKLIN HAMMITT, | Case No. 2:24-cv-2863-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| EL DORADO COUNTY JAIL, *et al.*, | |
| Defendants. | |

Plaintiff, a county pretrial detainee proceeding pro se, alleges in his first amended complaint that El Dorado County Jail, Sheriff Jeff Leikauf, and Deputy Sheriff Duncan violated his Fourteenth Amendment right not to be subjected to excessive force. ECF No. 9. Plaintiff fails to state cognizable claims against El Dorado County Jail and Duncan but does state potentially colorable Fourteenth Amendment claims against Sheriff Leikauf. Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein, or proceed only on the Fourteenth Amendment claims against Sheriff Leikauf.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

1   which relief may be granted, or seeks monetary relief from a defendant who is immune from such
2   relief. *Id.*

3         A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
6   require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
7   662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
8   possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
9   identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10  1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
11  give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12  n.2 (9th Cir. 2006) (en banc) (citations omitted).

13        The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14  U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
15  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16  would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18  of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20  **Analysis**

21        Plaintiff brings three Fourteenth Amendment claims against El Dorado County Jail,
22  Sheriff Leikauf, and Deputy Sheriff Duncan, each stemming from plaintiff breaking his toe while
23  exiting a jail transport van while shackled. ECF No. 9 at 4, 6, 8-10. First, he alleges that El
24  Dorado County Jail and Sheriff Leikauf implemented a policy that subjected pretrial detainees to
25  different restraints based on their housing unit within the jail. *Id.* at 4. He alleges that pretrial
26  detainees are subjected to wearing leg shackles based on their classifications, which in turn are
27  arbitrarily decided, and notes that pretrial detainees in the "dorm" setting are not subjected to leg
28  restraints. *Id.*

1  Next, plaintiff contends that Sheriff Leikauf failed to conduct safety testing on his
2  transport vans and their potential to injure shackled individuals entering or exiting the van. *Id.* at
3  6. He states that the transport vans do not have handrails, the steps do not have a smooth
4  transition from the seating area to the exit, and the rear seats force individuals to pivot their
5  bodies at odd angles. *Id.* at 6, 8. He contends that these conditions are dangerous to individuals
6  who are shackled at the waist and feet because the chains could become entangled. *Id.* at 6. He
7  also alleges that El Dorado County Jail has a policy and practice of purchasing these transport
8  vans without ensuring that the vans can safely transport shackled pretrial detainees. *Id.* at 10.

9  Finally, plaintiff contends that Duncan was responsible for his safe transport. *Id.* at 8.
10 When plaintiff exited the van, he alleges that Duncan witnessed plaintiff's leg shackles become
11 entangled at the steps, but he did not step in to help plaintiff. *Id.* Plaintiff seeks only monetary
12 damages. *Id.* at 11.

13 Plaintiff's claims against El Dorado County Jail are not cognizable because he only seeks
14 monetary damages. Because a § 1983 claim for monetary damages can only be brought against a
15 person acting under color of state law, and a state and its entities are not "persons" for purposes of
16 § 1983, plaintiff fails to state a claim against El Dorado County Jail. *See Will v. Mich. Dep't of*
17 *State Police*, 491 U.S. 58, 64 (1989); *Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914, 918
18 (9th Cir. 2003).

19 Additionally, plaintiff's allegations against Duncan fail to state a claim. The Fourteenth
20 Amendment's protection for pretrial detainees prohibits "excessive force that amounts to
21 punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). "[A] pretrial detainee must
22 show only that the force purposely or knowingly used against him was objectively unreasonable."
23 *Id.* at 396-97. Plaintiff does not allege that Duncan used any force against him. As such, he fails
24 to state a cognizable claim against Duncan.

25 However, for the purposes of screening, plaintiff's allegations against Sheriff Leikauf
26 state cognizable Fourteenth Amendment claims. To bring a claim against a supervisory
27 defendant, a plaintiff must allege that (1) he was deprived of a constitutional right, (2) the City
28 and/or Department has a policy, custom, or practice which amounted to deliberate indifference to

1   that constitutional right; and (3) the policy, custom, or practice was the moving force behind the
2   constitutional violation. *See Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011)
3   (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "[A] local government may not
4   be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S.
5   at 694. Instead, a local government may be sued when an employee who committed a
6   constitutional violation was "acting pursuant to an expressly adopted official policy, longstanding
7   practice or custom, or as a final policymaker." *Thomas v. Cnty. of Riverside*, 763 F.3d 1167,
8   1170 (9th Cir. 2014) (citing *Monell*, 436 U.S. at 694). The complaint alleges that plaintiff was
9   deprived of a constitutional right to be free from excess force in his shackling and being placed in
10  an unsafe transport van, that Sheriff Leikauf had a policy, custom, or practice that was
11  deliberately indifferent to plaintiff's constitutional rights, and the policy or practice was the
12  moving force behind plaintiff's constitutional violation. As such, plaintiff's Fourteenth
13  Amendment excessive force claims against Sheriff Leikauf based on his practice of shackling
14  plaintiff and then placing him in an unsafe transport van which resulting in plaintiff breaking his
15  toe may proceed.

16          Plaintiff may either notify the court that he wishes to proceed on his cognizable
17  Fourteenth Amendment claims against defendant Sheriff Leikauf, in which case I will direct
18  service, or he may elect to amend his complaint. If plaintiff amends his complaint, I will delay
19  serving any defendant and will screen his amended complaint in due course. Plaintiff is reminded
20  that any amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*,
21  693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled
22  "Second Amended Complaint" and refer to the appropriate case number.

23          Accordingly, it is hereby ORDERED that:

24      1.      Within thirty days from the service of this order, plaintiff must indicate his intent
25  to proceed only with his Fourteenth Amendment claims against defendant Sheriff Leikauf, or he
26  must file another amended complaint. If he selects the latter, no defendants will be served until
27  the new complaint is screened.

28      2.      The Clerk of Court shall send plaintiff a § 1983 complaint form with this order.

4

IT IS SO ORDERED.

Dated:   April 17, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE